IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CLEMEL PENN                                                                                         PLAINTIFF

V.                                         4:21CV00040 JM

MOTION INDUSTRIES, INC.                                                                  DEFENDANT

# ORDER

Pending is the Unopposed Motion for Approval of Settlement and Dismissal with Prejudice.

A district court may only approve a settlement agreement and enter a judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties.[1] *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). A review of the Plaintiff's complaint shows that there is a bona fide dispute as to the amount of wages paid to the Plaintiff. In determining whether a settlement is fair and reasonable under the FLSA, the Court may consider factors including the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of an arm's length negotiations between the parties based on the merits of the case. *Carrillo v. Dandan Inc.,*

---

[1] The Court notes that the law is unclear in the Eighth Circuit as to whether judicial approval of a proposed private release of FLSA claims is required in all cases before dismissal. *See Melgar v. OK Foods, et al,* 902 F.3d 775, 779 (8th Cir. 2018). While the Court could decline to review the proposed settlement and enter a general dismissal without prejudice, or direct the parties to simply stipulate to dismissal, doing so would leave the parties in an uncertain position. Therefore, the Court has reviewed the proposed settlement for fairness. *See Melgar v. OK Foods, et al,* Case No. 2:13CV02169, 2017 WL 10087890, *1 (W.D. Ark. Jan. 26, 2017); *King v. Raineri Construction, LLC,* Case No. 4:14-CV-1828 (CEJ), 2015 WL 631253, *1 (E.D. Mo. Feb. 12, 2015).

51 F. Supp. 3d 124, 132–33 (D.D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement).

In this case, Plaintiff filed the Complaint on January 15, 2021. Plaintiff signed a General Release and Settlement Agreement on January 19, 2021 *prior to the service of the instant lawsuit*. (ECF No. 9 at p. 3). Plaintiff received $1,250 under the terms of the settlement. Yet, Plaintiff's counsel seeks $4,000 in fees and costs for the prosecution of the case. The Court finds this amount to be unreasonable under the circumstances and the attorneys' fees and costs are reduced to $500.

On the merits, the parties' agreement is fair, reasonable and adequate. *In re Flight Transp. Corp. Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984). The attorneys' fees and costs are reduced to $500. The motion (ECF No. 9) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 24th day of May, 2021.

James M. Moody Jr.
United States District Judge